[Civ. No. 17425. Second Dist., Div. One. Apr. 27, 1950.]

JACK ZELKOWITZ, Appellant, v. NATHAN R. TOBIN, Respondent.

Arthur V. Kaufman for Appellant.

No appearance for Respondent.

DRAPEAU, J.—Plaintiff and defendant entered into a broker's listing agreement in writing, plaintiff to sell defendant's real property, and to be paid the usual commission of 5 per cent. Plaintiff introduced a purchaser to defendant. Defendant sold the property to this purchaser, but the purchaser and defendant sidetracked the plaintiff broker, who got no commission. The sale was made within the time limit specified in the contract.

At the close of plaintiff's case, judgment was rendered against him on defendant's motion for nonsuit.

No brief has been filed on behalf of respondent. A brief could not do him much good, because the rule here to be applied is elementary and the inference may be drawn from the testimony that appellant produced a buyer ready, able and willing to purchase the property. As was said in *Raber* v. *Tumin,* *(Cal.App.) 216 P.2d 167 at page 169: "It is well established that on a motion for nonsuit the evidence must be viewed most favorably to the plaintiff, with every legitimate inference drawn in his favor, and con-

*A hearing by the Supreme Court was granted on May 25, 1950.

flicts disregarded. (*Barnett* v. *La Mesa Post No. 282,* 15 Cal. 2d 191 [99 P.2d 650] ; *McClelland* v. *Acme Brewing Co.,* 92 Cal.App.2d 698 [207 P.2d 591].) 'A nonsuit or a directed verdict may be granted "only when, disregarding conflicting evidence and giving to plaintiff's evidence all the value to which it is legally entitled, herein indulging in every legitimate inference which may be drawn from that evidence, the result is a determination that there is no evidence of sufficient substantiality to support a verdict in favor of plaintiff if such a verdict were given. . . ." Unless it can be said as a matter of law, that, when so considered, no other reasonable conclusion is legally deducible from the evidence, and that any other holding would be so lacking in evidentiary support that a reviewing court would be impelled to reverse it upon appeal, or the trial court to set it aside as a matter of law, the trial court is not justified in taking the case from the jury.' (*Estate of Lances,* 216 Cal. 397, 400 [14 P.2d 768].)''

The judgment is reversed, and the cause remanded for a new trial.

White, P. J., and Doran, J., concurred.